UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLAUDE E. NICHOLS, | ) | CASE NO. 8:13-cv-135 |
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

Plaintiff states and alleges as follows:

1. The United States District Court has subject matter jurisdiction pursuant to 28 USC §1346(b)(1) as the United States of America is the defendant in this action.

2. Venue is proper in the District of Nebraska pursuant to 28 USC §1402(b) because the plaintiff resides in the District of Nebraska and the events giving rise to this claim occurred in the District of Iowa, in or near Clarinda, Iowa, which is eighty-four (84) miles from Omaha, Nebraska.

3. Plaintiff, Claude E. Nichols, is a resident of Auburn, Nemaha County, Nebraska, and as a result of the injuries received herein most of the hospitalizations and surgeries took place in Auburn and Omaha, Nebraska.

4. On or about August 6, 2012, plaintiff duly filed an administrative claim with the United State Postal Service (USPS) for injuries he sustained in the motor vehicle accident involving a USPS vehicle. As of this date, USPS has not made a final disposition of this claim and pursuant to 28 USC §2675(8) the claimant deems such inaction to be a final denial of his claim for purposes of said section, and plaintiff brings this civil action pursuant to the Federal Tort Claims Act.

5. On August 11, 2010, plaintiff was operating his vehicle in a northerly direction on Highway 71 in Page County, Iowa, approaching the area where mailboxes for residences at 2057 and 2054 were located on the west side of Highway 71; at or about the same time, Steven L. Miller, an employee of the Defendant, who was a postal service driver, acting within the course and scope of his employment for the defendant, was operating his vehicle in a southerly direction on Highway 71 depositing mail in the same mailboxes; that immediately after such deposits were made, Steven Miller turned his vehicle to his left without looking, signaling, or warning and made a "U" turn directly into the path of plaintiff's northbound vehicle; that such "U" turn was made in such close proximity to the plaintiff's northbound vehicle that plaintiff was totally unable to avoid colliding with Miller's vehicle and struck it on the passenger side; that as a result of the

aforementioned collision both vehicles skidded off the highway and traveled across a culvert on the east side of Highway 71 before coming to rest.

6. That the collision of the vehicles and resulting damages was solely and proximately caused by the negligence of the defendant's employee who was in the course and scope of his employment at all times herein mentioned and as such the employee's negligence is imputed to the defendant in the following particulars, to-wit:

    a. In failing to maintain a proper lookout;

    b. In failing to exercise proper control over his vehicle;

    c. In failing to operate his vehicle at a safe and appropriate speed under the circumstances then and there existing;

    d. In making an illegal "U" turn; and

    e. In totally failing to signal his intention to make an illegal "U" turn.

7. That as a direct and proximate result of the negligence of the defendant employee which negligence is imputed to this defendant, plaintiff sustained a near complete evisceration of his nose which required surgery and has resulted in chronic numbness or anesthesia thereof, postnasal drip on the left, which is permanent; severe bruises and contusions of the joint of the talus and calcaneus bones of the left ankle which over time necessitated surgery revealing a split tear of the peroneus brevis tendon with tenosynovectomy and arthroscopic debridement of the meniscoid lesion, resulting in a 15% permanent partial disability of the left lower extremity; and a chronic partial tear of the subscapularis, chronic complete tear of the supraspinatus, shoulder bursitis, shoulder impingement syndrome, chronic partial tear of the proximal biceps tendon, resulting in a 15% permanent partial impairment of the right upper extremity; that such injuries have caused, now cause, and in the future will continue to cause the plaintiff severe physical and mental pain, anguish, and disability.

8. That as a result of said injuries, plaintiff has incurred medical, hospital, and doctor expenses in the sum of $37,704.81 to-date, all of which sums are fair and reasonable.

9. WHEREFORE, the plaintiff prays for judgment against the defendant for special damages in the sum of $84,991.85, general damages in the sum of $800,000 and interest as allowed by law, and the costs of this action.

## Trial Designation

Plaintiff designates Omaha, Nebraska, as the place for trial.

DATED this 25th day of April, 2013.

CLAUDE E. NICHOLS, Plaintiff

BY: *[signature]*

Daniel G. Dolan, #11038
7809 Fairway Drive
Omaha, NE  68152-2031
(402) 571-5900
fax:  402.571.4902
email:  dolanlaw@hotmail.com
Attorney for Plaintiff